Dear Mr. Kramer:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Franklin Medical Center, you have asked for our opinion on several issues surrounding employee recruitment and retention. The questions presented are as follows:
 1. As a public body, can Franklin Medical Center implement an Employee Appreciation Program which provides for the selection of an Employee of the Month who will be provided a small plaque and lunch in the hospital cafeteria for the month of his/her selection? The cost of the plaque is approximately $15.00, while the meals are approximately $40.00 — $50.00 and are only available in the hospital cafeteria. The employee also has their picture displayed in the hospital lobby and has a picture placed in the local newspaper.
 2. As a public body, can Franklin Medical Center select an Employee of the Month who will receive all of the benefits mentioned in Question #1, with the exception being that, instead of being provided meals in the hospital cafeteria, they will receive a gift certificate of the same value that will be redeemable in one or more local restaurants? This is especially significant for our night shift employees who are not at work when the hospital cafeteria is open and would therefore not be able to take advantage of the benefit of an award like that contemplated in Question #1.
 3. As a public body, can Franklin Medical Center also select an Employee of the Year who will be provided the same benefits as mentioned in Question *Page 2 
#1, with the exception being a cash payment of $100 in lieu of the meal benefits, or in the alternative, the same amount in meals to the cafeteria or the same amount in a gift certificate as referenced in Question #2?
 4. As a public body, can Franklin Medical Center create an Employee Incentive Program which will tie employee pay to performance in the managers/directors of the hospital who generate a certain percentage of savings at the end of the fiscal year?
 5. As a public body, can Franklin Medical Center create an Employee Incentive Program which will tie employee pay to performance in that managers/directors will be provided a list of specific program objectives, that having been met or exceeded, render the employee eligible of a bonus payment at the end of the fiscal year based upon the number of specific objectives achieved?
 6. As a public body, can Franklin Medical Center create an Employee Incentive Program which will tie employee pay to performance in that managers/directors will or will not receive salary increases based upon the fulfillment of criteria like those described in Questions #4 and #5?
 7. As a public body, can Franklin Medical Center create an Employee Incentive Plan which will tie employee pay to performance in that managers/directors will be reviewed at the end of the fiscal year according to a standardized evaluation form, with a bonus or salary increase contingent upon the employee's score surpassing a certain threshold level?
This office has previously recognized the crucial role employee recognition plays in the enhancement of employee morale, job satisfaction, loyalty, motivation and productivity. While plans established to implement such recognition are commendable, they must be examined in light of the applicable statutory and constitutional guidelines governing the expenditure of public funds.
Louisiana Constitution Article VII, Section 14 provides the following:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivisions shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private." *Page 3 
This office has consistently opined that payments of gratuitous unearned payments to public employees or officials are prohibited, as the same are tantamount to donations. See Attorney General Opinions 92-295, 92-282, 89-190, 88-344, 96-639, 83-940A, 81-1329 and 80-806. In reaching such conclusions, our office adhered to the standard articulated by the Louisiana Supreme Court in City of Port Allen, Louisiana v. LouisianaMun. Risk Mgmt. Agency, Inc., 439 So.2d 399 (La. 1983). There, the Louisiana Supreme Court held that Section 14 is violated "whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so".
The Attorney General in a long series of opinions interpreted the constitutional prohibition of Article VII, Section 14 to require a three-fold predicate for the lawful expenditure of public funds. First, the political subdivision must have either a legal obligation or delegated authority to do so. Second, the non-gratuitous alienation of public funds must be for a public purpose and third, it must create a public benefit proportionate to the value of the public property or funds alienated or transferred.
Recently, in The Board of Directors of the Industrial Development Boardof the City of Gonzales, Louisiana, Inc. v. All Taxpayers, propertyowners, citizens of the City of Gonzales, et al., 2006 WL 2548480 (La.), 2005-2298 (La. 9/6/06), the Louisiana Supreme Court found the previous Article VII, Section 14 standard to be an "unworkable and incorrect interpretation of La. Const. art. VII, Section (A)" and accordingly articulated a new standard. The new standard essentially holds that Article VII, Section 14 is violated "only when the public funds or property are gratuitously alienated".
A determination of whether public funds or property are "gratuitously alienated" ultimately depends on the facts and circumstances surrounding the proposed expenditure. As a general rule, the Attorney General's Office refrains from conducting factual evaluations. However, we do note that La. R.S. 33:1891, et seq. gives the governing body of a municipality the authority "to grant merit awards to full-time permanent employees of the municipality".
In Attorney General Opinion No. 83-940-A, we reasoned that merit awards are distinguishable from incentive awards, as they reward unusual and meritorious suggestions, actions, procedures and accomplishments by employees which promote economy and efficiency in the performance of any function of the municipal government. Stated differently, merit awards are those given in return for special benefits that the municipality receives, or for performance not ordinarily expected or required by the employee.
Prior opinions of this office have held as follows: *Page 4 
Opinion No. 76-1766 addressed the issue of whether a public entity could present various awards for employee recognition. The awards contemplated were monetary awards, clothing, a personalized safety hat and a plaque or certificate. The opinion held that the monetary award and the clothing constituted a prohibited remunerative donation. The personalized safety hat and plaque or certificate did not constitute such a donation and were not constitutionally prohibited.
Opinion No. 85-700 concluded that cash safety awards to Sheriffs Deputies and other Criminal Department employees constituted prohibited donations. However, the opinion does note that a certificate or other award, such as a plaque or trophy of moderate cost, would be an acceptable manner of recognizing the employee without violating the provisions of state law.
Opinion No. 87-318 held that proposing to pay teachers $40.00 per day for each day of sick leave not used and an additional $100.00 for perfect attendance would constitute a violation of Article VII, Section 14.
Opinion No. 92-110 held that a police jury could not implement an "incentive" plan which provided for the payment to its employees of $25.00 for each sick day not taken during the year, subject to a maximum of twelve days.
Opinion No. 92-737 held that a public entity could give plaques of moderate cost to employees for special recognition. However, the granting of gift certificates and savings bonds constituted prohibited donations under the state's constitution.
Finally, Opinion No. 95-210 held that $100-$500 gift certificates for Employees of the Quarter and Year, and $50-$250 restaurant certificates for Managers of the Quarter and Year were donations which are prohibited by Article VII, Section 14, while awards such as frames, plaques, coin/key chains and certificates are permissible.
Accordingly, for the reasons cited above, it is the opinion of this office that the award of a small plaque of moderate cost for special recognition is reasonable and not constitutionally prohibited. However we are of the opinion that providing lunch, simply as a form of recognition, either in the hospital cafeteria or in the form of a gift certificate, would constitute a prohibited donation under Article VII, Section 14. Similarly, we believe a cash payment of $100 in lieu of meal benefits is prohibited.
With respect to your questions concerning the creation of an Employee Incentive Program where an employee's pay will be tied to the performance of managers/directors, we note that this office has long held that compensation for public employees must be given for services rendered and not as a gratuity. Therefore, if the *Page 5 
proposed payment, or salary increase is conditioned on the employee performing duties that are unusual, extraordinary, unexpected, or not required as part of the normal duties of the employee, then the proposed payment would be acceptable and not prohibited by Article VII, Section 14.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/crt